STATE v. WRIGHT

[342 N.C. 179 (1995)]

---

STATE OF NORTH CAROLINA v. JAMES DANIEL WRIGHT

No. 549A94

(Filed 3 November 1995)

**1. Appeal and Error § 506 (NCI4th)— first-degree murder— life sentence—errors cured**

Any errors in a first-degree murder prosecution in the denial of defendant's various motions to allow the jury to be informed regarding his parole eligibility in the event he received a life sentence; in denying his motion for individual *voir dire* and requests to question several prospective jurors subsequent to their challenge for cause by the State; and in instructing the jury that a "no" answer to Issue Three on the "Issues and Recommendation as to Punishment" form had to be unanimous were rendered moot because defendant received a sentence of life imprisonment rather than death.

**Am Jur 2d, Appellate Review § 721.**

**Modern status of law regarding cure of error, in instruction as to one offense, by conviction of higher or lesser offense. 15 ALR4th 118.**

**2. Criminal Law § 1056 (NCI4th)— allocution—denied—no error**

There was no error in a first-degree murder prosecution in the denial of defendant's motion for allocution, a request to be allowed to make unsworn factual assertions to the jury.

**Am Jur 2d, Criminal Law § 531.**

STATE v. WRIGHT

[342 N.C. 179 (1995)]

Appeal of right by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Rousseau, J., on 8 March 1994 in Superior Court, Guilford County, upon a jury verdict finding defendant guilty of first-degree murder. Defendant's motion to bypass the Court of Appeals as to an additional judgment for robbery with a dangerous weapon was allowed by this Court on 22 February 1995. Heard in the Supreme Court 9 October 1995.

*Michael F. Easley, Attorney General, by John G. Barnwell, Assistant Attorney General, for the State.*

*Polly D. Sizemore for defendant-appellant.*

WHICHARD, Justice.

Defendant was indicted for the first-degree murder of and robbery with a dangerous weapon from Paul Leon Bloom. In a capital trial on the murder charge, the jury found defendant guilty but failed to reach a unanimous verdict on sentencing Issue Three, which read: "Do you unanimously find beyond a reasonable doubt that the mitigating circumstance or circumstances found is, or are, insufficient to outweigh the aggravating circumstance or circumstances found?" The trial court accordingly sentenced defendant to life imprisonment on the murder charge.

The jury also found defendant guilty of robbery with a dangerous weapon. Because the murder conviction was based on the felony murder rule and robbery with a dangerous weapon was the underlying felony, the court arrested judgment on the robbery conviction.

A detailed recitation of the facts is unnecessary to a resolution of the issues presented. The State's evidence showed basically that on 30 January 1993 defendant, together with Harvey Lee Oliver and Tracy Bernard Strickland, went to the Coliseum Car Wash at the intersection of Florida and Chapman Streets in Greensboro, North Carolina. Defendant and Oliver approached the victim, who was washing his car, and robbed him at gunpoint. Either defendant or Oliver then shot the victim in the back of the head with a .22-caliber rifle. Defendant told Strickland, "I shot the M-F." The victim died as a result of the gunshot wound to the back of the head. Defendant, Oliver, and Strickland divided among themselves equally the sixty dollars defendant and Oliver had taken from the victim in the robbery.

Defendant did not present evidence.

**[1]** Defendant argues that the trial court erred (1) in denying his various motions to allow the jury to be informed regarding his parole eligibility in the event he received a life sentence, (2) in denying his motion for individual *voir dire* and requests to question several prospective jurors subsequent to their challenge for cause by the State, and (3) in instructing the jury that a "no" answer to Issue Three on the "Issues and Recommendation as to Punishment" form (set forth above) had to be unanimous. With commendable candor, counsel for defendant conceded at oral argument that because defendant received a sentence of life imprisonment rather than a sentence of death, he cannot have been prejudiced by these errors, if any errors were in fact committed, and that these arguments are therefore moot. We agree, and we accordingly overrule these assignments of error.

**[2]** Defendant further argues only that the trial court erred by denying his motion for allocution, a request to be allowed to make unsworn factual assertions to the jury. At oral argument counsel for defendant conceded, again with commendable candor, that this Court has recently ruled that it is not error for the trial court in a capital case to deny such a motion. *See State v. Green*, 336 N.C. 142, 190-93, 443 S.E.2d 14, 42-44, *cert. denied*, — U.S. —, 130 L. Ed. 2d 547 (1994). On the authority of *Green*, this assignment of error is overruled.

We conclude that defendant received a fair trial, free from prejudicial error.

NO ERROR.